In the Matter of the Estate of CHARLES S. KEENE, Deceased.

Surrogate's Court, New York County, July 2, 1934.

*Delafield, Thorne, Burleigh & Marsh [George H. Porter* of counsel], for the petitioner.

*John Godfrey Saxe [John H. Johnson* of counsel], for the Trustees of Columbia University in the City of New York.

*Avery, Taussig & Fisk,* for the executors.

FOLEY, S. 1. I hold that the legacy of the Bank of America National Association, Trust Department, is valid. The powers of national banks, conferred by the Congress of the United States, are contained in U. S. Code, title 12, section 24, as amended by chapter 191, section 2, of the Laws of 1927 (44 U. S. Stat. at Large,

1226). Neither under that statute nor any other statute of the United States are there contained any restrictions upon or direct prohibition against the acquiring by a national bank of personal property by bequest. Under the statutes of our own State, however, as well as under the common law of our State, every corporation, though not specified in the law under which it is incorporated, has power to acquire personal property by bequest for its corporate purposes. (Gen. Corp. Law, § 14, subd. 3; *Sherwood* v. *American Bible Society*, 4 Abb. Dec. 227.) The Bank of America National Association was created under the laws of the United States, was located within this State, and was in existence at the date of the death of the testator. It was, therefore, a domestic corporation of this State. As defined by subdivision 7 of section 7 of the Civil Practice Act, " a ' domestic corporation ' is a corporation created by or under the laws of the state, or located in the state, and created by or under the laws of the United States." As a domestic corporation doing business within this State, the Bank of America National Association was subject to its laws. The United States Supreme Court has frequently held that " National banks are subject to the laws of a state in respect of their affairs unless such laws interfere with the purposes of their creation, tend to impair or destroy their efficiency as federal agencies, or conflict with the paramount law of the United States." (*First Nat. Bank* v. *Missouri*, 263 U. S. 640; *McClellan* v. *Chipman*, 164 id. 347; *Davis* v. *Elmira Savings Bank*, 161 id. 275; *National Bank* v. *Commonwealth*, 9 Wall. [U. S.] 353.) In *McClellan* v. *Chipman* (*supra*) the court said: " National banks ' are subject to the laws of the State, and are governed in their daily course of business far more by the laws of the State than of the nation. All their contracts are governed and construed by State laws. Their acquisition and transfer of property, their right to collect their debts, and their liability to be sued for debts, are all based on State law. It is only when the State law incapacitates the banks from discharging their duties to the government that it becomes unconstitutional.' (*National Bank* v. *Commonwealth*, 9 Wall. 362.)"

The right to acquire personal property by bequest under the State law does not appear to conflict with the powers of national banks expressly authorized under the Federal statutes. The efficiency of national banks as Federal agencies is in no wise impaired or destroyed thereby, nor the regulatory powers prescribed for national banks affected by the State laws.

For the foregoing reasons the gift to the Bank of America National Association, now merged with its successor, City Bank Farmers Trust Company, must be given effect.

2. The question as to the disposition of the share of the estate which became payable to the deceased adopted daughter of the testator by reason of intestacy under section 17 of the Decedent Estate Law is suspended pending the determination of the courts of North Carolina in respect of the validity of the alleged *inter vivos* conveyance by the deceased daughter.

3. The personal claim of the coexecutor, Benjamin V. Avery, is allowed in the sum of $3,125.

4. The remaining objections to the account are disposed of in accordance with the rulings of the surrogate made upon the trial.

Proceed accordingly.