MATTIE CARUTH McMILLAN, Individually and as Co-Trustee Under the Last Will and Testament of Neill A. McMillan, Deceased, Appellant, v. ST. LOUIS UNION TRUST COMPANY, a Corporation; as Co-Trustee Under the Last Will and Testament of Neill A. McMillan, Deceased; THE FIRST NATIONAL BANK OF KANSAS CITY, a Corporation, THE CITY NATIONAL BANK OF GALVESTON, a Corporation, and the FIRST NATIONAL BANK IN DALLAS, a Corporation, Respondents.—No. 40845.—219 S. W. (2d) 364.

Division Two, April 11, 1949.

*Montague Rosenberg, R. C. Lohmeyer* and *Hay & Flanagan* for appellant.

1216

*Rhodes E. Cave, Thomas S. McPheeters* and *George W. Simpkins* for respondent St. Louis Union Trust Company.

*Stinson, Mag, Thomson, McEvers & Fizzell* and *Lawrence R. Brown* for respondent The First National Bank of Kansas City.

*Rosser J. Coke, Jack L. Coke,* and *Charles M. Spence* for respondents First National Bank in Dallas and The City National Bank of Galveston; *Coke & Coke* and *Thompson, Mitchell, Thompson & Young* of counsel.

[364] LEEDY, J.—Action by plaintiff (individually and as co-trustee of the testamentary trust hereinafter described) to have cer-

tain bequests under the will of her deceased husband, Neill A. Mc-Millan, to the several defendant national banks adjudged void, and to have paid over to her, in her individual capacity, under the residuary clause of the will, the sum of $101,500, being the amount and value of the challenged bequests. Defendants filed separate motions attacking the sufficiency of plaintiff's petition to state facts or a claim upon which relief could be granted, which motions were sustained, and judgment entered thereon in favor of all defendants dismissing plaintiff's petition, and plaintiff appealed. The amount in dispute gives this court jurisdiction. There is, of course, no dispute as to the facts. The single issue presented is one of law.

Under the residuary clause of his will, testator created a trust in the sum of $125,000 for the use and benefit of his wife (she and St. Louis Union Trust Company being named co-trustees thereof) for and during her natural life, and further directed that at the time of his wife's death the corpus of the trust estate should be disposed of "as provided in my codicil to this my last will and testament hereafter executed by me." A codicil, as thus contemplated, was, in fact, executed and admitted to probate. That portion here relevant directed that "at the date of the death of my said wife the trust herein created shall cease and determine and the corpus of the trust estate and undistributed income then in the possession of the trustees or the survivor of them shall be paid over and distributed as follows: . . . To First National Bank, Kansas City,

| | |
|---|---|
| Mo., Four Thousand Dollars | $ 4,000.00 |
| To Galveston National Bank, Galveston, Texas, or its successor, Five Thousand Dollars | $ 5,000.00 |
| To American Exchange National Bank, Dallas, Texas, Ninety-two Thousand Five Hundred Dollars | $92,500.00'' |

The petition avers that defendant The City National Bank of Galveston is the successor of the bank referred to in the codicil as Galveston National Bank, Galveston, Texas, [365] and that the defendant First National Bank in Dallas is the present name of the bank referred to in the codicil as American Exchange National Bank, Dallas, Texas.

The limited question presented is stated thus in appellant's brief: "The sole question involved on this appeal is whether the respondent national banks have capacity to take the legacies provided for them in the codicil to the Last Will and Testament of Neill A. McMillan."

 Appellant falls into the fundamental error of treating the bequests in question as being a testamentary trust for the benefit of business corporations, and from this premise argues that such trusts are invalid. Her brief urges: "It is respectfully submitted that the case of In re De Forest's Estate [263 N. Y. S. 135, 147 Misc. 82] is decisive of this matter, and in this case the only court to whom the

question has been presented has ruled that '. . . . a business corporation may not be the beneficiary of a trust.' ". We are not here concerned with such a question because the circumstance that the amounts specified in the several bequests are to be derived from the corpus of the trust created for the use of testator's wife (after the termination and extinction of such trust) would not change the character of the bequests as outright gifts to the banks, nor endow them with the nature of testamentary trusts for business corporations of the kind declared invalid in the De Forest case.

Appellant invokes the rule that the "extent of the powers of national banks is to be measured by the terms of the Federal statutes relating to such associations, and they can rightfully exercise only such as are expressly granted or such incidental powers as are necessary to carry on the business for which they are established." First Nat'l Bank of St. Louis v. State of Missouri at the information of Barrett, Attorney General, 263 U. S. 640, 656, 68 L. Ed. 486, 492, 44 S. Ct. 213, 215. See, also, 9 C. J. S., Banks and Banking, § 654. From this it is argued that "nowhere in § 24 of Title 12, U. S. C. A., which defines the corporate powers of national banking associations, or in any other section of the National Banking Act is there any grant of power to a national bank to take a bequest under a will, *and in the absence of a specific grant of such power it does not exist.*" But the Supreme Court in the case just mentioned (on the very page on which the quote relied on by appellant appears) further said: "Nevertheless, national banks are subject to the laws of a state in respect of their affairs, unless such laws interfere with the purposes of their creation, tend to impair or destroy their efficiency as federal agencies, or conflict with the paramount law of the United States." The latter principle is exemplified in McClellan v. Chipman, 164 U. S. 347, 356, 41 L. Ed. 461, 465, as will appear from excerpts therefrom appearing in the case of In re Keene's Estate, 273 N. Y. S. 532, 152 Misc. 424, hereinafter set out.

In 6 Fletcher, Corporations (Perm. Ed., 1931), § 2781, it is stated: "In the exercise of its power to acquire personal property, a corporation is not ordinarily restricted to any particular mode of acquisition. All the usual and customary methods of obtaining property are, as a rule, open to it. Necessarily, it may, within the scope of its business and in the attainment of its corporate objects, buy the property just as private individuals may. *Furthermore, unless expressly prohibited from so doing, it may take a gift or bequest of property,* and is sometimes expressly authorized to take property in that manner." (Emphasis the present writer's.) Similarly in 4 Thompson, Corporations (3rd Ed., 1927), § 2493: "The statutes of mortmain had no application to personal property, and corporations always had the power to take personal property by bequest." See, also, 19 C. J. S., Corporations, § 1090. "In the absence of some

express restriction, the power of a corporation to take personal property by will is unquestioned." 57 Am. Jur., Wills, § 157. Appellant does not contend the federal statutes contain any specific prohibition against national banks taking bequests, or that any such restriction arises under state law.

In Michie on Banks and Banking, Vol. 7, par. 157, it is said: "A national bank has no power to deal in personal property, but it may take such property to avoid a pecuniary loss or as security for loans or for bills of exchange purchased. And it may [366] acquire personal property by bequest." The single case cited in support of the latter statement is In re Keene's Estate, supra, where, as here, it was contended that a bequest to a national bank was invalid. It was there held that under the common law, as well as under the New York statutes, every corporation, though not specified in the law under which it is incorporated, is empowered to acquire personal property by bequest for its corporate purposes. The validity of the bequest was upheld. It appears to be the only decided case dealing with the precise point here involved, and it was, in our opinion, correctly decided, and we are disposed to follow it. It was there said:

"I hold that the legacy of the Bank of America National Association, Trust Department, is valid. The powers of national banks, conferred by the Congress of the United States, are contained in title 12, USCA, § 24, as amended by chapter 191, § 2, of the Laws of 1927 (44 Stat. 1226). Neither under that statute nor any other statute of the United States are there contained any restrictions upon or direct prohibition against the acquiring by a national bank of personal property by bequest. Under the statutes of our own state, however, as well as under the common law of our state, every corporation, though not specified in the law under which it is incorporated, has power to acquire personal property by bequest for its corporate purposes. General Corporation Law, § 14, subd. 3; Sherwood v. American Bible Society, 4 Abb. Dec. 227. The Bank of America National Association was created under the laws of the United States, was located within this state, and was in existence at the date of the death of the testator. It was therefore a domestic corporation of this state. As defined by section 7, subd. 7, Civil Practice Act, ' a "domestic corporation" is a corporation created by or under the laws of the state, or located in the state, and created by or under the laws of the United States . . .' As a domestic corporation doing business within this state, the Bank of America National Association was subject to its laws. The United States Supreme Court has frequently held that 'national banks are subject to the laws of a State in respect of their affairs unless such laws interfere with the purposes of their creation, tend to impair or destroy their efficiency as federal agencies or conflict with the paramount law of the United States.' First National Bank in St. Louis v. State of Missouri at inf. Barrett, 263 U. S. 640, 656,

44 S. Ct. 213, 215, 68 L. Ed. 486; McClellan v. Chipman, 164 U. S. 347, 356, 17 S. Ct. 85, 87, 41 L. Ed. 461; Davis v. Elmira Savings Bank, 161 U. S. 275, 16 S. Ct. 502, 40 L. Ed. 700; First National Bank v. Kentucky, 9 Wall. 353, 19 L. Ed. 701. In McClellan v. Chipman, supra, the court said: 'National banks "are subject to the laws of the State, and are governed in their daily course of business far more by the laws of the State than of the nation. All their contracts are governed and construed by state laws. Their acquisition and transfer of property, their right to collect their debts, and their liability to be sued for debts, are all based on state law. It is only when the state law incapacitates the banks from discharging their duties to the government that it becomes unconstitutional." National Bank v. Commonwealth, 9 Wall. 362 [19 L. Ed. 701].'

"The right to acquire personal property by bequest under the state law does not appear to conflict with the powers of national banks expressly authorized under the federal statutes. The efficiency of national banks as federal agencies is in no wise impaired or destroyed thereby, nor the regulatory powers prescribed for national banks affected by the state laws.

"For the foregoing reasons the gift to the Bank of America National Association, now merged with its successor, City Bank Farmers' Trust Company, must be given effect."

The judgment below should be, and it is affirmed. All concur.